**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

MICHEAL WAYNE WILLIAMS, : **CIV. NO. 17-11753 (RMB)**
:
        Plaintiff, :
:
  v. : **OPINION**
:
DR. FINNEGAN, *et al.*, :
:
        Defendants. :

**BUMB**, DISTRICT JUDGE

Plaintiff Micheal Wayne Williams, a pretrial detainee formerly confined in Camden County Correctional Facility ("CCCF"),[1] in Camden, New Jersey, brings this civil rights complaint alleging violation of his federal and state constitutional rights by medical and correctional staff at CCCF, and prosecutors of the Camden County Prosecutor's Office. (Compl., ECF No. 1.) Plaintiff has filed an application to proceed *in forma pauperis* ("IFP"), which establishes that he cannot afford to prepay the filing fee for this action. (IFP App., ECF No. 1-2.) Therefore, his IFP application is granted pursuant to 28 U.S.C. § 1915(a)(1).

When a plaintiff who is a prisoner is permitted to proceed without pre-payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B)

---

[1] At the time the complaint was filed, Plaintiff was confined at Mercy County Correctional Center. (Compl., ECF No. 1 at 3, ¶3.)

and 1915A)(b) require courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff's complaint is dismissed.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) "[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

    A. The Complaint

Plaintiff alleged the following facts in his complaint, which, if plausible, are accepted as true for purposes of this screening. On August 26, 2016 at CCCF, Plaintiff was infected with MRSA "after maliciously being given a dirty razor" by Correctional Officer John Doe #1, who said "that's a Rapist razor." (Compl., ECF No. 1, ¶¶3, 11, 15.) Plaintiff alleged that "flesh eating bacteria was deliberately placed on the blades of a disposable razor, that was then handed to this Plaintiff for use." (Compl., ECF No. 1 at 24.) Plaintiff did not immediately remember John Doe #1's statement about the "rapist razor" due to his pain and suffering. (Id., ¶18.) John Doe #1's actions were based on "the highly scandalous criminal charge, wrongfully leveled against Plaintiff by Camden County Prosecutor Mary Eva Colallio." (Id., ¶¶12-14.)

Plaintiff developed a bacterial infection that he believes was misdiagnosed as orbital cellulitis by Dr. Finnegan, an emergency room doctor, but was actually necrotizing cellulitis that did not originate in the eye. (Id., ¶¶4-5, 25) Plaintiff suffered physical and mental trauma from disfiguration of his face caused by this bacterial infection, which required a surgical procedure to remove 25% of Plaintiff's forehead. (Id., ¶¶9-11, 19-21.)

Plaintiff also alleged Nurse Lauren Morris, who works at CCCF, prescribed the wrong antibiotic, and would not allow Plaintiff to be seen by a medical doctor. (Id., ¶¶22-23.) Plaintiff's infection spread out of control to both eye sockets and nearly killed him. (Id., ¶24.) Nurse Morris accepted responsibility and apologized. (Id., ¶25.) Nurse Dancy also took part in the decision to prescribe Plaintiff the wrong antibiotic. (Id., ¶45.) Staff in the emergency room told Plaintiff his infection was only hours away from destroying his brain tissue. (Id., ¶27.)

Plaintiff contends the Camden County Prosecutor's Office failed to investigate this matter, and acted to cover up the attempted murder of Plaintiff after receiving information that Plaintiff was nearly killed by John Doe #1. (Id., ¶¶28-29.) Prosecutor Patricia Manteiga saw Plaintiff's condition and was fully informed of "relevant facts" by Plaintiff's Federal Defender, but she failed to charge John Doe #1 with a crime. (Id., ¶ 31.) Mary Eva Colallio, as head of the Camden County Prosecutor's Office also failed to charge John Doe #1 with a crime. (Id., ¶32.)

Plaintiff was prescribed Percocet (oxycodone) for his pain, without having been fully informed of its addictive properties. (Id., ¶¶35-36.) Plaintiff makes allegations against drug manufacturers for negligent failure to disclose the addictive

5

properties of Percocet and other opiate drugs, but he does not name any drug manufacturer as a defendant. (Id., ¶¶39-40.)

Plaintiff developed a chemical dependency to Percocet and suffered withdrawals. (Id., ¶41.) Plaintiff described his medical ordeal to Christine Martinelli, a top ranking employee of the medical contracting company, CFG, at CCCF. (Id., ¶¶42-43.) Martinelli apologized on behalf of her medical staff. (Id.)

Plaintiff seeks declaratory judgment that the defendants' actions violated his civil rights under the U.S. and New Jersey Constitutions. (Compl., ECF No. 1 at Page 27.) He seeks injunctive relief to abate his scarring. (Id. at 29.) He also seeks costs and monetary damages. (Id. at 28-30.) Finally, Plaintiff requests appointment of pro bono counsel. (Id.)

III. DISCUSSION

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and, must show that the alleged deprivation was committed or caused by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The NJCRA "was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitution." Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citations omitted). "This district has repeatedly interpreted NJCRA analogously to § 1983." Id. (listing cases). Therefore, the Court addresses these claims together.

A. State Actor Requirement

Plaintiff has sued Dr. Finnegan, whom he describes as an emergency room doctor, for federal and state constitutional violations. For liability under 42 U.S.C. § 1983 or the New Jersey Civil Rights Act ("NJCRA"), the defendant must be a state actor. Private persons are not liable under § 1983 or the NJCRA. Opoku v. Educational Com'n for Foreign Medical Graduates, 574 F. App'x 197, 201 (3d Cir. 2014); Gonzalez v. Auto Mall 46, Inc., 2012 WL 2505733 at *4 (N.J. Super. Ct. App. Div. July 2, 2012). Plaintiff has failed to allege any facts that suggest Dr. Finnegan was a state

7

actor.² This claim is dismissed without prejudice. The Court further notes that Plaintiff's allegation against Dr. Finnegan is that he misdiagnosed Plaintiff's cellulitis. Misdiagnosis does not rise to the level of a constitutional violation. Stewart v. Pennsylvania Dept. of Corr., 677 F. App'x 816, 820 (3d Cir. 2017). Plaintiff further alleged that Dr. Finnegan should be held accountable for prescribing an addictive drug. (Compl., ECF No. 1 at 23.) This too sounds in negligence rather than deliberate indifference. The claims against Dr. Finnegan are dismissed without prejudice.

> B. Fourteenth Amendment Deliberate Indifference to Substantial Risk of Harm to Pretrial Detainee

The Court dismisses as implausible Plaintiff's claim that John Doe #1 deliberately placed flesh eating bacteria on a disposable razor. The Court will address whether John Doe #1 violated Plaintiff's constitutional rights by intentionally giving

---

² Plaintiff alleged "the Defendant(s) jointly acted in blatant collusion by ignoring the Plaintiff and other similarly situated, the defendant(s) inactions and criminal actions constitute deliberate violations of the trust—entrusted in defendant(s) collectively. (Compl., at 21, ¶6.) "The acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors." Rendell-Baker v. Kohn, 457 U.S. 830, 838 n.6 (1982). Plaintiff has not alleged any facts suggesting Dr. Finnegan acted in concert with any of the state actors when he diagnosed Plaintiff with orbital cellulitis or when he prescribed Percocet. Thus, he has not met the "state actor" requirement.

Plaintiff a dirty, used razor that caused him to contract MRSA and necrotizing cellulitis. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[T]he Due Process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner." Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997). Therefore, the Eighth Amendment sets the floor for the standard applicable to pre-trial detainees' claims. Bell v. Wolfish, 441 U.S. 520, 544 (1979).

Plaintiff has not alleged any facts indicating how John Doe #1 was deliberately indifferent to Plaintiff contracting MRSA or necrotizing cellulitis. While reuse of another person's razor may generally pose a risk of infection, Plaintiff did not allege that John Doe #1 was aware that any other inmate had MRSA or cellulitis that could be transferred by reusing a razor or even that he knew the razor had been used by someone who had an infection. Plaintiff did not allege that John Doe #1 was aware of any other incident where an inmate's use of a previously used razor caused a serious infection. This claim is dismissed without prejudice to Plaintiff alleging additional facts to support a claim of deliberate indifference to his health and safety.

9

C.  Fourteenth Amendment Deliberate Indifference to Pretrial Detainee's Serious Medical Need

A pretrial detainee's claim of inadequate medical care is adjudicated under the Due Process Clause of the Fourteenth Amendment. Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016). The Third Circuit has determined that "pretrial detainees are entitled to at least as much protection as convicted prisoners and that decisions interpreting the Eighth Amendment serve as 'useful analogies.'" Id. (quoting Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987) (quoting Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1080 (3d Cir. 1976.))

"Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need." Montgomery v. Aparatis Dist. Co., 607 F. App'x 184, 187 (3d Cir. 2015) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Negligence by governmental actors is insufficient to support a constitutional claim. Id. (citing Daniels v. Williams, 474 U.S. 327, 333 (1986)). Allegations of medical malpractice or disagreement as to proper medical care are insufficient to show deliberate indifference. Navolio v. Lawrence County, 406 F. App'x 619, 623 (3d Cir. 2011) (citing Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004)). Misdiagnosis, at worst, amounts to medical malpractice and is not

actionable as deliberate indifference to a serious medical need. Stewart, 677 F. App'x at 820 (citing Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993)).

Plaintiff's claims that Nurses Morris and Dancy took part in the decision to prescribe the wrong antibiotic without sending Plaintiff to a doctor for consultation are, at worst, negligence claims and do not rise to the level of deliberate indifference.[3] If a medical professional's treatment decision is ultimately shown to be mistaken, this is at most medical malpractice, not a constitutional violation. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Nurses Morris and Dancy did not delay or deny medical treatment, they prescribed an antibiotic to treat an infection. Without alleging facts that would suggest these nurses had reason to know the antibiotic that was prescribed would be ineffective or that they were aware Plaintiff had a condition that required special expertise they did not possess, Plaintiff has not alleged deliberate indifference.

D. Prosecutorial Immunity

Plaintiff seeks to bring § 1983 and NJCRA claims against Camden County Prosecutors Mary Eva Colallio and Patricia Manteiga

---

[3] In New Jersey, nurse practitioners are licensed to prescribe medications. N.J.S.A. 45:11-49(a)(2).

11

for failing to prosecute John Doe #1 for attempting to kill Plaintiff by giving him a dirty razor. A prosecutor is absolutely immune from liability under § 1983 and the NJCRA for a decision to initiate a prosecution. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Absolute immunity attaches to all actions performed in a "quasi-judicial" role. Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing Imbler, 424 U.S. at 430). A decision whether or not to initiate a prosecution is a quasi-judicial function. Id. at 1464 (citing Rose v. Bartle, 871 F.2d 331, 347 n. 12 (3d Cir. 1989). Therefore, prosecutors are absolutely immune for the decision not to prosecute a particular case. Plaintiff's claims against Prosecutors Colallio and Manteiga are dismissed with prejudice.

E. Medical Malpractice

Plaintiff has not expressly brought claims under the New Jersey Tort Claims Act ("NJTCA") for medical malpractice, although a number of his claims sound in medical negligence. Even if the Court construes the complaint as raising state law medical malpractice claims, Plaintiff has not alleged that he timely filed the requisite notice of a tort claim with the correct public entity. See Melber v. U.S., 527 F. App'x 183, 186 (3d Cir. 2013) (dismissing claims under NJTCA for failure to timely submit notice

12

required by N.J.S.A. 59:8-8(a).[4] If Plaintiff chooses to file an amended complaint containing federal claims in addition to state law medical malpractice claims, he should allege when he filed a notice of his malpractice claims with the public entity, in compliance with N.J.S.A. 59-8-3 through 59-8-11.

F. <u>The Supervisory Prison Officials</u>

Plaintiff has named as defendants a number of individuals[5] whom he claims should have prevented John Doe #1 from giving him a used razor. Because Plaintiff has failed to allege sufficient facts to state a claim that John Doe #1 violated his constitutional rights, his claims against supervisory officials also fail. <u>See generally</u>, <u>A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.</u>, 372 F.3d 572, 586 (3d Cir. 2004) (describing two theories of supervisory liability for constitutional claims). These claims are dismissed without prejudice.

G. <u>Defendants Named Only in the Caption of the Complaint</u>

---

[4] N.J.S.A. 59:8–8(a) ("The claimant shall be forever barred from recovering against a public entity or public employee if ... [h]e failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided....")

[5] The supervisory prison official defendants include David Owens, former Camden County Jail Administrator; Alicia Taylor, Administrator of Camden County Jail at the time John Doe #1 allegedly gave Plaintiff a dirty, used razor;

13

Plaintiff named many John Doe Defendants[6] in the caption of his complaint without alleging in the body of the complaint what these unidentified persons did to violate his constitutional rights. The Court dismisses these claims without prejudice for failure to state a claim. See Rivers v. SCI Huntingdon Prison, 532 F. App'x 91, 93 (3d Cir. 2013) (affirming dismissal of complaint where defendants were named in caption but body of complaint did not allege their personal involvement in a constitutional violation).

IV. APPOINTMENT OF PRO BONO COUNSEL

Plaintiff seeks appointment of pro bono counsel. Indigent civil litigants do not have a statutory right to appointment of counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). District courts, however, have authority to appoint counsel to voluntarily represent an indigent litigant pursuant to 28 U.S.C. § 1915(d). Id.

"[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." Id. at 155 (quoting Maclin v. Freake,

---

[6] Plaintiff named John and Jane Doe Physicians employed at Camden County Jail 1-5; John and Jane Doe Correctional Officers 1-10; John and Jane Doe Sergeants 1-10; John and Jane Doe Lieutenants 1-10; and John and Jane Doe Internal Affairs Investigators at Camden County Jail 1-10.

650 F.2d 885, 887 (7th Cir. 1981) (quoting Spears v. United States, 266 F.Supp. 22, 25-26 (S.D.W.Va. 1967)). Plaintiff has failed to state a claim for relief and it is unclear whether he can allege facts that will state a claim. Therefore, the Court denies without prejudice Plaintiff's request for appointment of pro bono counsel.

V. CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's claims against Prosecutors Colallio and Manteiga with prejudice, and dismisses the remainder of the complaint without prejudice for failure to state a claim. Plaintiff will be given the opportunity to reopen this action by filing a timely amended complaint, if he can cure the deficiencies in his claims.

An appropriate order follows.

DATE: April 26, 2018

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**