IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

MICHAEL WAYNE WILLIAMS,      :
                                             :      Civ. No. 17-11753 (RMB-AMD)
          Plaintiff.       :
                                             :
       v.                              :      **MEMORANDUM ORDER**
                                             :
DR. FINNEGAN, et al.,       :
                                             :
          Defendants.    :
_____ :

IT APPEARING THAT:

    1. On March 7, 2023 and April 11, 2023, this Court received letters from Plaintiff Michael Wayne Williams ("Plaintiff"), seeking to reopen this *pro se* prisoner civil rights action that was closed on April 26, 2018, when the Court dismissed the complaint without prejudice.

    2. Plaintiff opened this action on November 16, 2017, while he was a pretrial detainee at Mercer County Correctional Center in New Jersey, by filing a pro se civil rights complaint. Plaintiff alleged, among other things, that he while he was in Camden County Jail, he was intentionally provided a bacteria-filled razor, which caused him a serious infection and permanent disfigurement, and the defendants who treated his condition committed medical malpractice. (Compl., Docket No. 1).

    3. Upon granting Plaintiff's application to proceed without prepayment of the filing fee for a civil action under 28 U.S.C. § 1915(a), this Court *sua sponte* screened

the complaint for dismissal, among other things, for immunity and failure to state a claim. (Opinion and Order, Docket Nos. 2, 3.) The Court dismissed the claims against the prosecutors with prejudice, based on prosecutorial immunity. (*Id.*) The Court dismissed the remainder of the claims without prejudice, for failure to state a claim under 42 U.S.C. § 1983. Where a complaint asserts federal subject matter jurisdiction under § 1983 but fails to state a claim, the accompanying medical malpractice claims generally must be filed in state court. (*Id.*) Plaintiff was given leave to file an amended complaint within 30 days of the April 26, 2018 Order. (Order, Docket No. 3.) The Order stated, in relevant part, "the Clerk shall administratively terminate this matter; administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this action is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original complaint was timely." (*Id.*) A copy of this Court's Opinion and Order were sent to Plaintiff Michael Wayne Williams, 550228, Mercer County Correctional Center, 1750 Lambertville Road, Lambertville, NJ 08650, the address provided by Plaintiff on his complaint. (Compl., Docket No. 1 at 3.)

    4. In Plaintiff's March 27, 2023 letter request to reopen this matter, Plaintiff explains that there was another Michael Williams in Mercer County Correctional Center in 2017, who may have received Plaintiff's mail. (Docket No. 4). Plaintiff states that he never heard from this Court after filing his complaint, despite his numerous attempts to inquire about the status of the case. (Docket No. 4.) Plaintiff

asserts that he reached out to this Court once again, after arriving at New Jersey State Prison, but the COVID pandemic struck, and the Court never responded. (Attachment, Docket No. 4 at 5.) Plaintiff provided a copy of a letter, addressed to the Clerk of Court at the U.S. Courthouse in Camden, New Jersey, dated February 4, 2020. (*Id.*) The letter did not contain Plaintiff's case number, which is explained by Plaintiff's statement that he had "no paperwork whatsoever regarding this filing." (*Id.*) Plaintiff also submitted a copy of a denial letter, dated November 9, 2022, to an OPRA request he made to the State of New Jersey for "any and all legal documents from any court that arrived U.S. Mail @ at Mercer County Correctional Facility which required my signature upon delivery." (*Id.*) Plaintiff asserts that his claims have merit, and he should be permitted to reopen this matter.

     5.  In Plaintiff's second letter request to reopen this matter, received on April 11, 2023, he requests that this Court verify with Mercer County Correctional Center that he never received mail from this Court. (Docket No. 5.) He states that he has continued to inquire about this case through an inmate paralegal at Northern State Prison, who wrote the February 4, 2020 letter to this Court. (*Id.*) Plaintiff submits that he believed COVID caused the delay in this Court responding to his letter, and he was advised that it takes years to start a lawsuit. (*Id.*) Plaintiff argues that his *pro se* status, the merit of his claims, and the extent of his injury support reopening this matter. (*Id.*)

6. This Court did not receive any letters from Plaintiff between April 26, 2018 and March 7, 2023. This Court never received a notice of change of address after Plaintiff was transferred out of Mercer County Correctional Center.

7. Local Civil Rule 10.1(a) provides, in relevant part:

> Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court.

8. The Court was in operation and able to receive phones calls and mail for the last five years, including throughout the pandemic. Two unsuccessful attempts to obtain the status of this case in five years does not excuse Plaintiff's failure to timely submit an amended complaint to reopen this matter while the statute of limitations was tolled. *See*, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245–46 (3d Cir. 2008) (holding that when a district court dismisses a complaint without prejudice for failure to state a claim, the district court may dismiss the action if the plaintiff does not submit an amended pleading within the specific time set by the court in the order of dismissal). The Court declines to reopen this matter.

**IT IS** therefore on this **25th day of May 2023**,

**ORDERED** that the Clerk shall reopen this matter solely for entry of this Order; and it is further

**ORDERED** that Plaintiff's requests to reopen this matter are **DENIED** (Docket Nos. 4, 5); and it is further

4

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall close this matter.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge